UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORD MALARAN, | No. 2:23-cv-0547 TLN AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff is proceeding in this removed action in pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The United States moves to dismiss for lack of subject matter jurisdiction. ECF No. 5. Plaintiff has opposed the motion (ECF No. 7) and moved to remand this case back to state court (ECF No. 10). Defendant opposes remand. ECF No. 11. For the reasons that follow, the undersigned recommends this case be DISMISSED in its entirety for lack of subject matter jurisdiction, and that the motions to remand (ECF Nos. 7, 10) be DENIED.

**I. Background**

    A.    <u>The Complaint</u>

Plaintiff Lord Malaran filed his complaint in the Superior Court of California, County of Sacramento, Small Claims Division, on January 27, 2023. ECF No. 1-1 at 2. The complaint names one defendant, Rosemin Grace N. Pareja. <u>Id.</u> at 3. Plaintiff alleges that Pareja made

1

1  unfounded sexual harassment claims against him, causing him to lose income.  Id. at 4.  Pareja
2  was an employee of the United States Department of Veterans Affairs during the time addressed
3  in the complaint.  ECF No. 1-2 at 2.  Accordingly, the United States of America substituted in as
4  defendant and removed the action to federal court on March 22, 2023.  ECF No. 1, 3.

5       B.  Motions to Dismiss

6      Defendant now moves to dismiss for lack of subject matter jurisdiction because plaintiff
7  failed to comply with the administrative exhaustion requirement of the Federal Tort Claims Act.
8  ECF No. 5-1 at 1.

9             **II.  Analysis**

10     A.  Legal Standards Governing Motions to Dismiss Under Rule 12(b)(1)

11     Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by
12  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific
13  claims alleged in the action.  When a party brings a facial attack to subject matter jurisdiction,
14  that party contends that the allegations of jurisdiction contained in the complaint are insufficient
15  on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373
16  F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the factual allegations of
17  the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege
18  an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist.
19  No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th
20  Cir. 2001).

21      B.  This Lawsuit is Governed by the Federal Torts Claims Act and the United States is the
22          Proper Defendant

23     The dispute between plaintiff and Pareja occurred while both were employed at the
24  Department of Veterans Affairs.  ECF No. 1, Ex. A; see also ECF No. 7 (Plaintiff's Motion to
25  Remand).  When a federal employee is named in a tort suit, the Attorney General or his designee
26  may certify that the employee was acting within the scope of her office or employment at the time
27  of the incident out of which the claim arose.  Wuterich v. Murtha, 562 F.3d 375, 380 (D.C. Cir.
28  2009) (citing 28 U.S.C. § 2679(d)(1)).  When such a certification is made, the individual

employee is dismissed from the case and the United States is substituted as the defendant in place of the employee. Id. The suit is then governed by the Federal Tort Claims Act ("FTCA") and is subject to all of the FTCA's exceptions for actions in which the Government has not waived sovereign immunity. Id. at 380. "Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995) (internal citations omitted).

Courts review "scope of employment determinations according to the principles of respondeat superior of the state in which the alleged tort occurred." McLachlan v. Bell, 261 F.3d 908, 911 (9th Cir. 2001). In California, to be considered within the scope of employment, an alleged tortious occurrence must be "a generally foreseeable consequence" of the employment, meaning "that in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." Lisa M. v. Henry Mayo Newhall Mem'l Hosp., 12 Cal. 4th 291, 299 (1995) (citing Rodgers v. Kemper Constr. Co., 50 Cal. App. 3d 608, 619 (Ct. App. 1975)). The Ninth Circuit has specifically held that under this "broad California doctrine," there is "nothing 'unusual or startling' about personal hostility . . . false rumors, and malicious gossip in the workplace." McLachlan, 261 F.3d at 912. In general, interactions among employees in the workplace come within the scope of employment even if the conduct giving rise to the claim is unrelated to the performance of job duties or is unlawful. See, e.g., Carr v. Wm. C. Crowell Co., (1946) 28 Cal.2d 652 (1946) (employee who threw a hammer at another employee after a dispute acted within the scope of employment).

Here, the Attorney General's designee has certified that Pereja was acting within the course and scope of her federal employment at all times relevant to the allegations in plaintiff's complaint. ECF No. 1, Ex. B. Accordingly, it is plaintiff's burden to present evidence and disprove the Attorney General's certification by a preponderance of the evidence. Billings, 57 F.3d at 800. Plaintiff has not met this burden. He argues that Pereja—a Central Sterile Supply

3

Technician —was acting outside of her scope of employment when "she filed false and defamatory harassment claims" against him because plaintiff is not making allegations related to Pereja's duties as a Supply Technician. ECF No. 7 at 5. Plaintiff's argument misunderstands the legal meaning of "scope of employment," which is set forth above. Even taking plaintiff's allegations as true and assuming that Pereja's reports of harassment amounted to personal hostility, false rumors, and/or malicious gossip, Pereja's actions would still fall within the "scope of employment." See McLachlan, 261 F.3d at 912. Accordingly, substitution of the United States as defendant was proper and this action is governed by the Federal Tort Claims Act.

### C. Plaintiff's Failure to File an Administrative Claim Bars this Case

"[A]n FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment." United States v. Smith, 499 U.S. 160, 163 (1991); 28 U.S.C. §1346(b). The FTCA requires that a plaintiff present and exhaust an administrative claim before filing suit against the United States; if he does not, there is no federal subject matter jurisdiction. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993) ("An action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies."); Brady v. Smith, 656 F.2d 466, 468 (9th Cir. 1981); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992) ("We have repeatedly held that the claim requirement of section 2675 is jurisdictional in nature and may not be waived.") Plaintiff has the burden of establishing that subject matter jurisdiction exits. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

The complaint in this case does not allege compliance with the FTCA's claims presentation requirement, and plaintiff acknowledged at hearing on the motion that he did not present an administrative claim to the VA. Plaintiff's opposition to dismissal focuses on an argument that the FTCA does not apply. ECF No. 7. For the reasons set forth above, the FTCA does apply, and plaintiff 's failure to exhaust his administrative claims deprives this court of jurisdiction. Accordingly, the case must be dismissed.

### D. Remand is Not Appropriate

Plaintiff argues that if this court lacks jurisdiction, it should remand the matter to state

court. ECF No. 7 at 7. This is not possible because the FTCA is the *exclusive* remedy for torts claims against federal employees acting within the course and scope of their employment. Smith, 499 U.S. at 163. This case cannot be heard under state law in small claims court because it *must* be brought in accordance with the FTCA.

### E. Leave to Amend is Not Appropriate

Plaintiff's complaint is fatally flawed because plaintiff did not comply with the FTCA. Plaintiff confirmed twice at the hearing on the motion to dismiss that he did not file an administrative claim in accordance with the FTCA. No amendment can remedy this defect. Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III. Pro Se Plaintiff's Summary

The magistrate judge is recommending that your case be dismissed because a case against a federal employee acting "within the scope of employment" must be brought in federal court and must comply with the Federal Tort Claims Act. Here, the complaint alleges that Ms. Pareja made false claims of sexual harassment, which harmed you. Even though making false claims of sexual harassment is not part of anyone's job description, performance of Ms. Pareja's job naturally involved interacting with co-workers, and filing a sexual harassment claim – a true one or a false one – is the kind of thing happens in the workplace. Because of this, the FTCA applies.

The FTCA required you to file an administrative complaint before suing, which you did not do. Because you did not comply with the FTCA, this case must be dismissed. You have 21 days to object to the recommendation that this case be dismissed.

### IV. Conclusion

Accordingly, the undersigned recommends that the motion to dismiss for lack of subject matter jurisdiction (ECF No. 5) be GRANTED, that the motion for remand and amended motion for remand (ECF Nos. &, 10) be DENIED, and that this case be DISMISSED in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 12, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE